**MANDATE**

CTDC-NHCT
03-cr-0223
Burns, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

FILED
2005 MAY 31 P 2:51
[DISTRICT COURT
NEW HAVEN, CT]

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of Jan., two thousand five,

Present:
    Hon. Ralph K. Winter,
    Hon. Sonia Sotomayor,
    Hon. Barrington D. Parker, Jr.
        *Circuit Judges.*



United States of America,
        Appellee,

    v.                                  04-3915-cr

Bernabe Diaz,
        Defendant-Appellant.

---

The Government moves for summary affirmance or, in the alternative, an extension of time to file a responsive brief on the merits. Because all of Appellant Bernabe Diaz's claims are premised on the applicability of *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004), this Court deems all other potential claims to have been abandoned. See *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (explaining that issue not raised by appellant in appellate brief is abandoned); Fed. R. App. P. 28(a) (setting out requirements for appellant's brief). Upon due consideration, it is ORDERED that the motion for summary affirmance is GRANTED and the judgment of conviction is AFFIRMED. See *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir. 2004) (holding that, "[u]nless and until the Supreme Court rules otherwise," the Federal Sentencing Guidelines continue to be fully applicable notwithstanding the Supreme Court's decision in *Blakely* and the law in this Circuit remains as stated by pre-*Blakely* cases).

CERTIFIED: 5/23/05

The mandate in this case will be held pending the Supreme Court's decisions in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 11 (argued Oct. 4, 2004), and *United States v. Fanfan*, ___ U.S. ___, 125 S. Ct. 12 (argued Oct. 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decisions, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decisions in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decisions to file petitions or supplemental petitions for rehearing in light of *Booker* and *Fanfan* and any other relevant case law.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
   DEPUTY CLERK

USCA PLM